AO 91 (Rev. 11/11)   Criminal Complaint

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

MAY 0 1 2018

# UNITED STATES DISTRICT COURT
## for the
### District of New Mexico

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 18MJ1515 |
| Vernon Poleahla, year of birth 1984 | ) ) ) ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 27, 2018 _____ in the county of _____ Mckinley _____ in the _____ District of _____ New Mexico _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC §1153 | Offenses committed in Indian Country |
| 18 USC §1111(a) | Second degree murder |
| 18 USC §113(a)(6) | Assault resulting in serious bodily injury |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_Tamara E. Ubbelohde_
Complainant's signature

Tamara E. Ubbelohde, Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 5/1/18

_Steven C. Yarbrough_
Judge's signature

City and state:   ALBUQUERQUE, NEW MEXICO

Steven C. Yarbrough
Printed name and title

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Tamara E. Ubbelohde, being duly sworn, state as follows:

## **INTRODUCTION AND AGENT BACKGROUND**

1.      This affidavit is made in support of a Criminal Complaint and an application for an

Arrest Warrant for VERNON POLEAHLA, year of birth 1984.

2.      I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and have

been so employed since August 2016.   Prior to that employment, I was employed as an

Investigative Specialist and an Intelligence Analyst with the FBI for approximately 8 years.  I am

currently assigned to the Albuquerque Field Office, Counterintelligence Squad, and have primary

investigative responsibility for Proliferation and Espionage matters.   As a Federal Agent, I am

authorized to investigate violations of the laws of the United States and have authority to execute

arrest and search warrants issued under the authority of the United States.

3.      This affidavit is based upon information reported to me by other federal, state, and

local law enforcement officers during the course of their official duties, all of whom I believe to

be truthful and reliable.   Throughout this affidavit, reference will be made to law enforcement

officers.  Law enforcement officers are those federal, state, and local law enforcement officers who

have directly participated in this investigation.   This affidavit is also based upon information

gained from interviews with cooperating citizen witnesses, whose reliability is established

separately herein.

4.      Based on my training, experience, and the facts a set forth in this affidavit, I believe

there is probable cause that violations of 18 U.S.C. §§1153 – Offenses committed within Indian

country, 1111(a) – Second degree murder, and 113(a)(6) – Assault resulting in serious bodily

injury, were committed by POLEAHLA.

5.      Because this affidavit is submitted for the limited purpose of securing authorization for a Criminal Complaint and Arrest Warrant, I have not included each and every fact known to me concerning this investigation.  This affidavit is intended to show that there is sufficient probable cause for the requested warrant.

## PROBABLE CAUSE

6.      On April 28, 2018, at approximately 12:20 am, Zuni Police Department notified the FBI of a stabbing incident that occurred on April 27, 2018 at approximately 9:55 pm.

7.      On April 27, 2018, at approximately 9:55 pm, Zuni Police Department received a request for officers at 11B Sunshine Street, Zuni, NM in reference to a stabbing.  When officers arrived on scene, officers made contact with V.B., hereinafter referred to as John Doe 1, year of birth 1958.  John Doe 1 was bleeding from his lower abdominal area.  John Doe 1 was holding his lower abdominal area.

8.      While responding officers were assisting John Doe 1, another officer requested help inside of the residence.  Inside of the residence, R.G., hereinafter referred to as John Doe 2, year of birth 1948, was laying on top of a couch.  John Doe 2 was bleeding from his neck.  John Doe 2 told responding officers that his nephew "Vern" stabbed him.  John Doe 2 also told responding officers that his cousin, John Doe 1 had been stabbed.

9.      John Doe 1 and John Doe 2 were transported to Zuni Hospital.  John Doe 1 was later transported to the University of New Mexico Hospital.  John Doe 1 died at approximately 4:11 pm on April 29, 2018.  The New Mexico Office of the Medical Investigator conducted an autopsy of John Doe 1 on April 30, 2018.

10.     John Doe 2 received six stitches to treat a laceration on his neck.

11.     On April 27, 2018, at approximately 10:35 pm, Zuni Police Department received information that POLEAHLA was currently at House #04C Vacit Street, Zuni, NM.  Zuni Police Officers responded to House #04C Vacit Street.  A female at the residence told officers that POLEAHLA was inside the residence.  Officers were allowed into the residence and located and arrested POLEAHLA.  POLEAHLA had red stains on his hands and clothing.  Officers located a black Kershaw pocket knife on top of the television at House #04 Vacit Street.  The knife was covered in a red substance believed to be blood.

12.     POLEAHLA was interviewed by the FBI and Zuni Police Department on April 28, 2018 at the Zuni Police Department.  POLEAHLA was advised of his Miranda Rights and agreed to be interviewed without an attorney.  POLEAHLA stated that he was drinking at John Doe 2's residence, located at 11B Sunshine Street, Zuni, NM, at approximately 7:00 pm on April 27, 2018.  POLEAHLA left the residence and went to his brother's girlfriend's house, located at House #04 Vacit Street, Zuni, NM.  POLEAHLA returned to John Doe 2's residence later in the evening.  POLEAHLA stated that he had approximately eight beers and three shots of alcohol that evening.

13.     POLEAHLA started arguing with John Doe 2 in the living room.  POLEAHLA was sitting on a couch, and John Doe 2 was standing next to another couch.  John Doe 1 was in the kitchen while POLEAHLA and John Doe 2 were arguing.  POLEAHLA stated that he wanted to scare John Doe 2 because POLEAHLA did not like the friends John Doe 2 was inviting over to the house.  POLEAHLA admitted to strangling John Doe 2 with his bare hands and stabbing him in the neck.  POLEAHLA stated that John Doe 2 yelled for help, and John Doe 1 came to help John Doe 2.  POLEAHLA started fighting with John Doe 1.  During the fight, POLEAHLA stabbed John Doe 1 in the abdomen with malice aforethought.  The injuries resulted in John Doe

1's death.   POLEAHLA stated he stabbed John Doe 1 with his black Kershaw pocket knife. POLEAHLA then fled the scene and ran to his brother's girlfriend's house.

14.     The offenses described in this affidavit were committed within the exterior boundaries of the Zuni Tribe.

15.     POLEAHLA is an enrolled member of the Zuni Tribe.

## CONCLUSION

16.     Based on my training, experience, and the facts a set forth in this affidavit, I believe there is probable cause that violations of 18 U.S.C. §§1153 – Offenses committed within Indian country, 1111(a) – Second degree murder, and 113(a)(6) – Assault resulting in serious bodily injury, were committed by POLEAHLA.

17.     Supervisory Assistant United States Attorney Kyle T. Nayback reviewed and approved this affidavit and complaint.


Tamara E. Ubbelohde
Special Agent
Federal Bureau of Investigation


Subscribed and sworn before me this /st day of May 2018


Steven C. Yarbrough
United States Magistrate Judge


4